## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| QUANG LE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:09-CV-08616-JGK |
| SPONGETECH DELIVERY SYSTEMS, INC., MICHAEL L. METTER, STEVEN MOSKOWITZ, FRANK LAZAUSKAS, AND RM ENTERPRISES INTERNATIONAL, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| JEFFREY P. ORLAN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:09-CV-09037-JGK |
| SPONGETECH DELIVERY SYSTEMS, INC., MICHAEL L. METTER, STEVEN MOSKOWITZ, FRANK LAZAUSKAS, AND RM ENTERPRISES INTERNATIONAL, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MOVANT KNADLE GROUP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL**
<u>**OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**</u>

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

II. LEGAL ARGUMENT ......................................................................................... 3

    A. Consolidation is Appropriate ................................................................... 3

    B. Movant Knadle Group should be Appointed Lead Plaintiff .................... 4

        1. Notice was Properly Published under the PSLRA ...................... 4

        2. Movant should be Appointed Lead Plaintiff ............................... 5

            a. Movant Knadle Group has Moved for Appointment as Lead Plaintiff Within 60 Days of Publication of Notice .......................... 6

            b. Movant has the Largest Financial Interest in the Relief Sought ................................................................................. 6

            c. Movant Otherwise Satisfies the Requirements of Rule 23, Fed. R. Civ. P. .................................................................... 8

        3. The Claims of Movant are Typical of the Claims of other Members of the Class ................................................................ 9

        4. Movant will Fairly and Adequately Represent the Interests of the Class ................................................................................ 10

    C. The Court should Approve Movant's Choice of Counsel ..................... 11

III. CONCLUSION ................................................................................................. 12

Movants Travis Knadle, Tony Mineruini, Marc Pumerantz, Randy Aldieri, Ken Schwab (collectively, "Movant" or "Knadle Group"), submits this Memorandum of Law in Support of its Motion seeking an Order from the Court: (1) consolidating the above-styled and related cases; (2) appointing Movant Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934"), 15 U.S.C. §78u-4(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (the "PSLRA"); and (3) approving Movant's selection of the law firm of Federman & Sherwood as Lead Counsel.[1]

## I.    INTRODUCTION

This is a securities class action lawsuit alleging claims against SpongeTech Delivery Systems, Inc. ("SpongeTech" or the "Company") and certain of its directors and officers as well as RM Enterprises International, Inc. (an entity in which SpongeTech's directors and officers hold direct and/or indirect ownership interests, and of which Defendant Moskowitz and Lazauskas serves as officers and/or directors) for violations of Section 10(b) and 20(a) of the Securities Exchange Act 1934 and Rule 10b-5, during the period April 15, 2008, through October 5, 2009, (the "Class Period").

SpongeTech is a company which designs, produces, and markets unique lines of reusable cleaning products for Car Care, Child Care, Home Care and Pet Care usages. These sponge-like

---

[1] The PSLRA permits any putative class member - - regardless of whether they have filed a complaint - - to move for appointment of lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Consequently, Movant is unable to identify those class members that may file competing motions and accordingly oppose this motion.  Courts have held that defendants do not have standing to object to lead plaintiff motions. *See, e.g., In re Waste Management, Inc. Sec. Litig.*, 128 F.Supp.2d 401, 409 (S.D. Tex 2000).

1

products utilize SpongeTech's proprietary, patent (and patent-pending) technologies and other technologies involving hydrophilic (liquid absorbing) foam, polyurethane matrices or other ingredients. The Company's sponge-like products are pre-loaded with specially formulated ingredients such as soap, conditioner and/or wax that are released when the sponge is soaked and applied to a surface with minimal pressure.

The complaints charge that SpongeTech, its CEO Michael Metter, CFO Steven Moskowitz and director Frank Lazauskas violated federal securities laws by issuing false and misleading financial information to investors and engaging in a stock manipulation scheme.

The complaints allege that SpongeTech misrepresented its sales revenues, failed to disclose alleged short selling of the Company's stock by certain, and improperly forged opinion letters of counsel in order to permit the sale of the Company's stock. The complaint further alleges that as the truth of the scheme was disclosed publicly the price of SpongeTech stock fell dramatically -- damaging investors.  As a result of this alleged misconduct, the Company is the subject of a formal SEC investigation and the SEC has temporarily suspended trading in the Company's stock.

During the Class Period the Company's stock was one of the most actively traded issues on the NASDAQ Bulletin Board under tickers "SPNG.OB" and "SPNGE.OB" as high as $0.29 per share.  At the end of the Class Period, October 5, 2009, SpongeTech stock closed at $0.06 per share.  Consequently, SpongeTech shareholders have been precluded from selling their shares on the open market and the shares are currently worthless.

Movant Knadle Group is a suitable Lead Plaintiff and class representative in this action. Movant has satisfied the procedural requirements of the PSLRA.  First, Movant is believed to be the moving class member with the largest loss and therefore the most appropriate Lead Plaintiff.

Movant Knadle Group purchased shares of SpongeTech common stock during the Class Period and suffered losses of $57,535.52 as a result of its transactions in SpongeTech common stock.[2] Second, Movant satisfies the requirements of Rule 23, Fed. R. Civ. P. 23(a). Movant's claims are typical of those of the Class. Movant will also adequately represent the class. Movant will actively participate in and vigorously pursue this case and has selected and retained Federman & Sherwood to serve as Lead Counsel.

Thus, Movant Knadle Group should be appointed Lead Plaintiff in this action on behalf of purchasers of SpongeTech common stock during the Class Period and its choice of Lead Counsel should be approved.

## II.  LEGAL ARGUMENT

### A.  Consolidation is Appropriate

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions, it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 42 allows for the consolidation of actions involving a common question of law or fact. Movant Knadle Group asks this court to consolidate the above-captioned related actions presently before the Court, as well as any other action now pending or

---

[2] Investor certifications and tables setting forth Movant's purchases and sales of SpongeTech common stock during the Class Period, and losses, are attached as Exhibit A-B to the Declaration of William B. Federman ("Federman Declaration"), submitted contemporaneously herewith.

hereafter filed in or transferred to this Judicial District as a class action on behalf of purchasers of the securities of SpongeTech which arise out of the same facts as alleged in the above-referenced actions.

The class actions currently before the court are ideally suited for consolidation pursuant to Rule 42, since they present virtually identical claims for relief based upon a single course of conduct.

Under Section 27(a)(3)(B)(ii) and 15 U.S.C. § 77z-1(a)(3)(B)(ii), the Court must decide this motion to consolidate before determining the lead plaintiff.

### B. Movant Knadle Group should be Appointed Lead Plaintiff

#### 1. Notice was Properly Published under the PSLRA

On October 9, 2009, The Rosen Law Firm P.A., the law firm that filed the first lawsuit, filed a notice pursuant to Section 21D(a)(3)(A)(i) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(A)(i), over a national newswire, *Marketwire*, advising putative members of the proposed class of their right to move the Court to serve as lead plaintiff no later than 60 days from the issuance of the notice. *See* Exhibit C to the Federman Declaration. The notice is sufficient and satisfies the requirements of Section 21D(a)(3)(i) of the 1934 Act, §15 U.S.C. 78u-4(a)(3)(i). *See Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996). National wire services have consistently been recognized as suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See, e.g.*, *Lax v. First Merchants Acceptance Corp.,* 1997 U.S. Dist. LEXIS 11866 at *2 (N.D. Ill. Aug. 6, 1997); *In re Nice Systems Sec. Litig.*, 188 F.R.D. 206, 215 (D. N.J. 1999); *Greebel v. FTP Software, Inc.*, 939 F. Supp. at 62-64.

## 2. Movant should be Appointed Lead Plaintiff

The PSLRA, which became law December 22, 1995, amended the Exchange Act by adding new sections specifically addressing various matters relating to private lawsuits brought thereunder. Specifically, the PSLRA establishes a procedure for the appointment of a "Lead Plaintiff" in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." §21D(a)(1), 15 U.S.C. §78u-4(a)(1).

The PSLRA provides that the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. §21D(a)(3)(A)(i), 15 U.S.C. §78u-4(a)(3)(A)(i). The notice pertaining to this lawsuit was timely published. *See* Exhibit C to the Federman Declaration.

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the consolidation of multiple related cases if consolidation occurs after the expiration of the 90-day period, the court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." §21D(a)(3)(B)(i), 15 U.S.C. §78u-4(a)(3)(B)(i).

The PSLRA directs the courts to presume, when appointing lead plaintiffs pursuant to this statute, that the most adequate plaintiff is the person or group of persons that:

5

1. has either filed the complaint or made a motion in response to a notice . . . [within 60 days of publication of the notice];

2. in the determination of the court, has the largest financial interest [of those class members moving for lead plaintiff] in the relief sought by the class; and

3. otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§21D(a)(3)(B)(iii)(I), 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The moving class member or group of class members with the largest financial stake in the litigation and who otherwise satisfies the requirements of Rule 23(a), Fed. R. Civ. P, is the presumptive lead plaintiff.  *In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002); *Pirelli Armstrong Tire Corp. Retiree Medical Benefit Trust v. LcBranche & Co., Inc.,* 229 F.R.D. 395 (S.D.N.Y. 2004).  As discussed below, Movant satisfies each of the criteria set forth above and is entitled to the presumption set forth in §21D(a)(3)(B)(iii)(I) of the Exchange Act (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)) that she is the most adequate plaintiff.

a. **Movant Knadle Group has Moved for Appointment as Lead Plaintiff Within 60 Days of Publication of Notice**

Movant Knadle Group has moved within the statutory 60-day period of the initial PSLRA notice of this lawsuit.  This Motion contains the required certifications which set forth, *inter alia*, Movant's transactions in SpongeTech securities during the Class Period, and indicate that Movant Knadle Group has reviewed the Complaint filed in this action and is willing to serve as the representative party on behalf of the class.  *See* Exhibit A to Federman Declaration.  Accordingly, Movant has satisfied this prong of the PSLRA's lead plaintiff criteria.

b. **Movant has the Largest Financial Interest in the Relief Sought**

Section 21D(a)(3)(iii)(I)(bb) of the PSLRA defines the most adequate plaintiff (presumptively) as the "person or group of persons" that, among other things, has "the largest

financial interest in the relief sought by the class." §15 U.S.C. 78u-4(a)(3)(I)(bb). Courts have determined the largest financial interest by looking to (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the Class Period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Pirelli*, 229 F.R.D. at 404. However, some courts have determined that the financial loss is the most significant factor in determining the person or group of persons with the largest financial interest in the relief sought. *In re Vicuron Pharmaceuticals, Inc. Sec. Litig.,* 225 F.R.D. 508, 510 (E.D.Pa. 2004); *see e.g.*, *In re Amb. Bus. Fin. Serv., Inc. Sec. Litig.*, 2004 WL 1221353 (E.D.Pa. 2001); *In re Cell Pathways, Inc. Sec. Litig.,* 203 F.R.D. 189 (E.D.Pa. 2001); *see Xianglin Shi v. Sina Corp.,* 2005 WL 1561438 at *2 (S.D.N.Y. July 1, 2005) (appointing lead plaintiff based on largest claimed losses).

Section 21D(e)(2) of the PSLRA provides that a plaintiff's recoverable losses in any securities fraud class action shall be measured as:

> the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security.

U.S.C. 78u-4(e)(2). If a plaintiff does not sell his securities within the 90-day period immediately following dissemination to the market of the information correcting the omissions and misstatements her losses are measured as follows:

> the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market.

15 U.S.C. §78u-4(e)(1).

Under the above calculation, the Movant Knadle Group has suffered net losses of $57,535.52 from purchases of SpongeTech common stock during the Class Period.  *See* Exhibits A-B to the Federman Declaration.  As of this filing, Movant is unaware of any motion for appointment as lead plaintiff by a class member that claims to have sustained greater financial losses in connection with the purchase and sale of SpongeTech common stock during the Class Period.  Nor has Movant received any notice that any potential applicant has greater financial losses resulting from purchases of SpongeTech common stock during the Class Period.

Movant Knadle Group believes that it has sustained greater financial losses in connection with the purchase and sale of SpongeTech common stock during the Class Period than any competing lead plaintiff movant.  Accordingly, Movant has satisfied this prong of the PSLRA's prerequisites for appointment as Lead Plaintiff.

     c. **Movant Otherwise Satisfies the Requirements of Rule 23, Fed. R. Civ. P.**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." §15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

  1. the class is so numerous that joinder of all members is impracticable;

  2. there are questions of law or fact common to the class;

  3. the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

  4. the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics and/or qualifications of the class representative. Accordingly, in adjudicating a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Fed. R. Civ. P. 23(a) and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Pirelli,* 229 F.R.D. at 411-12; *In re Cavanaugh*, 306 F.3d at 730; *see, e.g.*, *Lax v. First Merchants Acceptance Corp.,* 1997 U.S. Dist. LEXIS 11866, at *20; *Fischler v. Amsouth Bancorporation*, 1997 U.S. Dist. LEXIS 2875, *7-8 (M.D. Fla. Feb. 6, 1997). As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), thereby justifying its appointment as Lead Plaintiff in this action.

### 3. The Claims of Movant are Typical of the Claims of other Members of the Class

Fed. R. Civ. P. 23(a)(3) mandates that the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of class members and his or her claims are based on the same legal theory." *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992) (quoting *De La Fuente v. Stokely-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983)), *cert. denied*, 506 U.S. 1051 (1993)). Furthermore, factual variations among the claims of the class representatives and class members will not defeat "typicality":

> The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

*De La Fuente,* 713 F.2d at 232 (citations omitted); *see also Hurd v. Monsanto Co.,* 164 F.R.D. 234, 239 (S.D. Ind. 1995).

9

Movant's claims are typical of, if not identical to, the claims of the other members of the class. Here, Movant Knadle Group: (1) purchased SpongeTech common stock during the Class Period at prices alleged to have been artificially inflated by the false and misleading statements issued by Defendants; and (2) was damaged by the alleged fraud. Thus, Movant's claims meet the typicality requirement, since questions of liability are common to all class members. *See In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) (typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability") (citations omitted), *cert. dismissed sub nom.*, *Hart Holding Co. v. Drexel Burnham Lambert Group, Inc.*, 506 U.S. 1088 (1993).

### 4. Movant will Fairly and Adequately Represent the Interests of the Class

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party, "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978); *In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.,* 122 F.R.D. 251, 257 (C.D. Cal. 1988); *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 102 F.R.D. 457, 464 (N.D. Cal. 1983). So long as the Movant with the largest losses satisfies the typicality and adequacy requirements, it is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job. *Pirelli,* 229 F.R.D. at 411-12. Once the presumption is triggered the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead the question is whether anyone can prove that the presumptive lead plaintiff will not do a fair and

10

adequate job. *In re Cavanaugh*, 306 F.3d 732 and n.10. Movant will fairly and adequately represent the class.

First, counsel for the class is well-qualified. Movant has retained counsel with considerable experience in the prosecution of class action and federal securities law claims. *See* Federman & Sherwood resume attached to the Federman Declaration at Exhibit D.

Second, there are no potential conflicts between Movant and the interests of the absent class members. Movant's claims are typical of the claims of the rest of the class. All investors are aligned in the common interest of recovering their damages from Defendants. Movant has indicated that she will protect the interests of the class, as reflected in Movant's investor certification. *See* Exhibit A to Federman Declaration. Moreover, having suffered the largest financial loss of all class members seeking to be appointed lead plaintiff in the action, Movant has a strong incentive to pursue this action vigorously on behalf of the entire class.

In short, Movant would adequately represent the putative class. Consequently, Movant meets the requirements of Section 21D(a)(3)(B)(iii)(I)(aa)-(cc) of the 1934 Act, §15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(aa)-(cc), and should be appointed as Lead Plaintiff in this action.

### C. The Court should Approve Movant's Choice of Counsel

Pursuant to PSLRA §21D(a)(3)(B)(v), 15 U.S.C. §78u-4(a)(3)(B)(v), a lead plaintiff applicant shall, subject to court approval, select and retain counsel to represent the class. The inquiry is not into the adequacy or fitness of counsel but into the adequacy of plaintiff, and the choice of counsel is only an indicator – and a relatively weak one at that – of plaintiff's fitness. *In re Cavanaugh*, 306 F.3d at 733. It is lead plaintiff and not the court that selects counsel. *Id.* at 31-33. Only in rare circumstances should the counsel chosen by lead plaintiff not be approved by the court. *See id*. Movant has selected and retained Federman & Sherwood as Lead Counsel.

Federman & Sherwood possess extensive experience in the areas of securities and other complex litigation. *See* Exhibit D to Federman Declaration. The Court can be assured that, in the event this Motion is granted, the members of the class will receive quality legal representation. Accordingly, the Court should approve Movant's selection of Lead Counsel.

### III.   CONCLUSION

For the reasons set forth above, the Court should: (1) consolidate the above-styled and related cases; (2) appoint Movant Knadle Group as Lead Plaintiff in this action; (3) approve the Movant Knadle Group's selection of Federman & Sherwood as Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated:   December 8, 2009                                         Respectfully submitted,

_____s/William B. Federman_____
William B. Federman  (WF9124)
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK  73120
Telephone:  (405) 235-1560
Fax:  (405) 239-2112
wbf@federmanlaw.com


-and-

2926 Maple Ave., Suite 200
Dallas, TX  75201

**CERTIFICATE OF SERVICE**

       This is to certify that on December 8, 2009, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants

                             ___s/William B. Federman_____
                             William B. Federman